matter for the day u.s. versus Murray 17-1400 good morning may it please the court my name is Gail Johnson and I represent Bernard Murray in this direct appeal from his criminal conviction I think I want to start today with this court's recent decision in the Miller case which again the government hasn't addressed but I think requires the government to concede certain aspects of the plain error test for reversal under Miller it is settled law here that when there is a constructive amendment of the indictment and the jury is allowed to convict a defendant of an offense that was not charged by the grand jury that necessarily there is error and that error is plain and the court of Miller specifically specifically relies on this court's previous decision and far to say that's settled law therefore the error is plain and obvious if it's a if it's a constructive amendment versus a variance yes your honor and that the the $64,000 question well I don't think that's a hard question in this case the jury here was allowed to convict mr. Murray of an offense that was not charged by the grand jury in the indictment the grand jury the indictment charged that MB was an employee or an officer of a federal agency the jury was received evidence that MB was actually a contractor and they were instructed that they could convict if she were assisting a be a federal employee or officer that factual difference means that mr. Murray not only is there a reasonable probability that he was convicted that we would suggest it's obvious he was convicted under the part of the statute that was not charged by the grand jury because the part that was granted charged by the grand jury frankly there's insufficient evidence of that so this is in a way even stronger than some of this court's prior identical conduct I'm sorry that same conduct by the defendant for the differences in the characterization the legal status of the victim that's the only difference between the two is that right yes but in terms of notice due process there's no problem right well your honor we have not raised a due process or a fair trial argument we have raised it solely under the grand jury clause on the Fifth Amendment and tell me what the difference is between the variance and constructive amendment yes under sterone I think this case is controlled by sterone you know the government tries to suggest at some point that if there's not a different statutory subsection charge you know or instructed on then there's no problem and that's just a variance that's not true under sterone that's not true in this court's other precedents so you don't you see you reject the distinction there hasn't been a lot of briefing about variance here and is there except for that line throwaway line by the government there isn't a lot of briefing by the government on variance and again I would direct this courts attention to sterone okay the difference in sterone was factual the difference in sterone was that you know someone was charged under the Hobbes Act of a violation involving union pressure involving the importation of sand and then the jury was instructed on the exportation of a finished product concrete for use in steel mills the Supreme Court found that that was an impermissible constructive amendment but but impermissible constructive amendment but how's that different than the variance I mean I always understood variance more in the context of conspiracies where you charge one conspiracy and then the facts that come out at trials show perhaps multiple conspiracies going to the fact law distinction that you were alluding to the question is the facts you know permutated into something that was different than what was charged so theoretically the jury sitting there looking at that indictment or looking at the instructions would would be willing to convict based upon facts that it saw that really for no relationship to what the charge was I mean tell me where I'm wrong that's at least my general conception what the variance issue is the distinction on the constructive amendment front at least the clear categorical distinction is one where actually the language is different in other words the language in the instruction ie this case is different than the indictment I mean then it's not a question of what the facts were facts are what the facts are but the jury had before it the law and that law was different than the instruction where am I going wrong here I don't think you are going wrong your honor I think the law provides that someone may be convicted of this offense if they assault either an employee or an officer of a federal agency or a person assisting but the grand jury only indicted on the first alternative but then at trial now that indictment was constructively amendment amended when evidence was presented of the second alternative namely that she was a contractor assisting a federal employee and they were instructed with the assisting language which appears in the statute but does not appear in the indictment well even if we give you that with one and two and by plain I'm talking about clear and obvious not the resolution of the four-part test you still got to deal with the prong four and we've got our Gonzales Ed Ediza case or however you pronounce that I am I'm I'm sure you can tell me how but I'm having a hard time seeing why that case isn't controlling that case doesn't answer this question and when you answer that note that Miller does not even cite that case and it seems to me that we're in Miller than we are in Gonzales Ediza so with that prime your answer yes your honor regardless of whether Miller cites it I think this court needs to read Miller together with Gonzales Ediza and I think there is some broad language in good Gonzales Ediza that to be sure is troubling and troubled me as counsel when I first analyzed it but when I looked at this other body of case law and then again Miller I here's the distinction there's no evidence in Gonzales Ediza that there is any kind of evidentiary dispute or insufficiency of the evidence as to the crime charged by the grand jury here by contrast as in Miller there is what was a Miller discussed I think it's a hotly contested evidentiary dispute in our case is even stronger insufficiency of the evidence for the crime charged by the grand jury so if we look at first principles with the fourth prong of the plain error test the concern is whether it the error seriously affects the fairness the integrity or the public reputation of these judicial proceedings what we have in mr. Murray's case meets that test because had the constructive amendment not occurred had the jury been correctly instructed and the evidence been limited to only what was charged in the grand jury indictment mr. Murray would have been acquitted well what if what if hypothetically the grand jury had said that the employee of the or an agent of the federal office or misidentifies the victim and it's just a clerical error and there's really not never an issue about it now in that situation started with prompt to and then I want to ask you about prong for so if prompt to would there be an obvious error if the grand jury simply got wrong the name of the victim called it the husband instead of the wife would that be an obvious error an obvious constructive amendment that's impermissible I don't know that I've seen case loss I'm not sure what about more wasn't that exactly the situation in more which is a published decision of ours in which the court specifically said not only was it not an obvious error that it wasn't an error at all and because the grand jury had misidentified the victim as the husband and there was I think was a robbery of a vehicle and I may be getting the husband-wife mixed up but it was the wife's vehicle there was never an issue about it it was never a dispute and our court I think in more specifically said that's permissible that's not a constructive amendment and if we said that I find it difficult to say well it prong to it's an obvious error and then you make it even harder with you know which the grand jury completely misidentified the federal agency and so in the light of Genoa and more I don't see how we can say that it's a that it's an obvious error even though it's clearly a technical error I think that gets back to the courts question earlier that I probably didn't answer well well enough in terms of the distinction between a variance and a constructive amendment a variance is permissible when there are certain minor facts that just got were got wrong and that's what it's happened in those cases what happened here was the grand jury charged one statute the law and mr. Murray was clearly convicted under a different one mr. Murray was convicted of an offense not charged in the indictment and we don't say that broadly just like oh it was MB versus TC no mr. Murray was convicted of assaulting someone who was assisting in the language of the statute a BOP employee and that is now go ahead please that is what takes this out of the realm of variance and into the realm of constructive and amendment so it so following up on that and just inserting enumeration to try to make it clear so if you had let's say the statute that broke it down as to one two in terms of air of possible ways means to commit this crime and and all and the jury was return an indictment on the first one okay and then at trial all we heard about was the second one and then you received an instruction on the second one that in your view is a constructive amendment which is different than a situation where the the evidence at trial and the instruction both went to that hypothetical prong one except the name switch exactly okay well going back however to Gonzalez and Miller Gonzalez did spoke about related charge it did not speak about the same charge and then seems to me that that is the difference I mean I I have a hard time seeing how Gonzalez does not map onto this case precisely because what you have here is a related charge it is you know you can take as a given here for purposes of discussion that is a different charge I mean it's a different means anyway of committing this crime but but that doesn't mean or element whichever one it's a either way the point is it's different I'll give you that but the point is that's not what was going on in Miller I mean you look at the what Miller what the court what the government argued in Miller is essentially the evidence was undisputed of the charge in question and that's that those are two different things I I concur that the language is different what I am suggesting your honor is that Gonzalez Ediza does not address the scenario that was present in Miller and is present here well what I'm saying is the scenario is different between those two in other words yes but why is this case more like Miller than Gonzalez Ediza because here and in Miller there is a dispute about whether the government presented evidence to support the charged crime whereas in Gonzalez Ediza there's no evidence in the that opinion that there was any dispute there about the charged crime no one's talking about the charge crime and Gonzalez Ediza that's the point I'm making Gonzalez Ediza was focused on the related charge and not the charge offense the related charge and then the question was whether the evidence was incontrovertible as it relates to the related charge so that seems to me is this case as opposed to Miller where what we're fighting about and even if I concede your point that there was no evidence about these employees status as it relates to the the victim here even if I can see that point that may be Miller but that's not this case we're is there evidence it's incontrovertible as to the related charge isn't there I'm not disputing that there's evidence under the constructively amended charge what I am saying though is that it matters that in Gonzalez Ediza there is no discussion about the sufficiency or the level of dispute of the evidence for the charge crime it is simply silent I understand what you're saying but what is the reason there isn't that discussion in Gonzalez is because that was irrelevant it said we will affirm this because it's a closely related charge the one that the jury was instructed on and there was overwhelming evidence of guilt there and that's why whether there was evidence of the crime charged by the grand jury didn't matter the only reason they looked at the charge of by the grand jury was to see that it was closely related to the charge the jury was instructed on I'll give you enough time to answer I would say that it didn't matter I would say that it was not an issue in that case let me try to say it in a different way in scenarios perhaps such as in Gonzalez Ediza where there's no evidentiary dispute as to the charge crime by the crime charged by the grand jury nor by the one constructively amended there's no problem under the fourth prong of the plenary test in a as to the crime charged by the grand jury regardless of whether there's overwhelming evidence on the crime as constructively amended this court reverses if I may save my 20 seconds thank you may it please the court Carl shock representing the United States before we even get to the substance of this constructive amendment argument the defendant invited and therefore waived the alleged constructive amendment by affirmatively requesting the jury instruction that he now claims gave rise to that amendment but even without waiver he did he wait a minute yeah he requested or did he agree to it I see nowhere where the defendant proposed that instruction if you go back and look at his proposed instructions it was never included the court presented this instruction and the defendant said you or some version there a colloquial expression thereof I'll take it where what am I missing we're in the record did he request this instruction the defendant didn't independently propose it but neither did the defendant propose it in the Cornelius case that we cited in our brief and the can and in Cornelius the defendant endorsed the substance of that instruction that's how we described it in the Jarrett case that you included in your supplemental authority I don't see anything in this case in which the defendant endorsed the substance of it in fact the whole conversation at that time was whether the jury should instruct on that status I mean whether the court should instruct on that status or whether it should go to the jury I mean that's an entirely different concept and in context and then the and I think most defense lawyers would say give it to the jury and they did do exactly that yeah I would agree that this this issue certainly was not before the district court neither was the issue in Jarrett before the court in the district court when the court found invited error in that case and in Jarrett in Jarrett the defendant requests the instruction the defendant helps in crafting the instruction the court in Jarrett is very clear at what's going on in the defendant I you know I'm looking I was trying to tease out the bases of difference the defendant requested instruction the defendant meaningfully participates in crafting the substance substance of the instruction we said that the defendant thought strategically about that definition below and then on appeal took an opposite view from what he did below where do you get anywhere close to that here I was saying combination with Cornelius in Cornelius you actually have less than here because in Cornelius all you had was that there was a question from the jury and in answering the question to the jury the defendant said court I would like you to just read your instruction again and it was on that basis that the court found the invited in the invited air and well in jail but I did all right and so I have to understand so we understand Cornelius in the context of Jarrett and Jarrett says in Cornelius you had the endorsement of the substance of the instruction so so I'll just make one point and then I'll move on to the substance substance of argument the way I read it is a Jarrett and Cornelius do two different things Jarrett says you don't have to recognize this particular legal issue in order for there to be invited air Cornelius says you don't have to actually go to the court and propose this instruction to have invited air what you have is you have the defendant saying that they definitely wanted that instruction the court gives them what they said they wanted they can't then later argue that it was air for the court to do so so that's how I think Cornelius and Jarrett work together to get to that point the analogy here would be if the in this case counsel was offered two alternatives if he argued alternative one after saying he preferred alternative to I think we'd have a very good invited air issue here but that's not what's going on here I would agree this is not as strong of an invited air as that I would nevertheless think that Jarrett and Cornelius together would get us there but I don't think we need it and so I want to move on to this up well before I'm sorry to do this to you but I want to ask you about Zubia Taurus yeah because in Zubia Taurus it seems to be that a more a far more compelling argument for invited air was rejected unanimously by the panel there the defendant the defendants counsel specifically said the PSR calculation of the guideline range is correct and the panel unanimously held that that did not invite the error when the district judge calculated the guidelines differently that the way that I would distinguish the viator is as well as some of the other waiver cases that do not talk about it in terms of invited air is that although invited air is a form of waiver I think there is a different standard of intent required when you're using acquiescence or agreement well judge McConnell specifically rejected that didn't he judge McConnell specifically said that the problem in applying invited air in that context is that invited air just as you're pointing out is a species of waiver and it requires the intentional relinquishment of a known right and there was no reason to infer that defense counsel knew of a latent challenge that he could have made to the probation officers calculation of the guideline range the difference I see is that in Zubia Taurus there wasn't a request for a particular action here there is I would say in Jarob the requirement of the intentional relinquishment of a right I think Jarob says that is that is not required invited error because there was not an issue on the substance of the constructive amendment I'd like to first start by addressing this premise that there's even a discrepancy at all because what the indictment says is that MB was an officer and employee as designated in section 1114 section 1114 is titled protection of officers and employees and then it goes on to say that as using that statute or it doesn't say this explicitly but I think what it makes clear is as using that statute the phrase officers and employee includes people who are directly employed by the United States government and people who are assisting employees of the United States government so when the indictment uses that phrase officer and employee it should be read the way that phrase is used in section 1114 which includes any person assisting a federal officer well I don't know how that makes sense to me and maybe I'm just reading it too employee or in individuals assisting an officer or employee and so that that's the problem is there's no broad definition of an officer or employee otherwise you wouldn't need the the additional phrase or someone assisting an officer employee yeah and on that point I think it's significant that that that phrase person assisting was added in 1996 before that point there were certain there was a much longer list but there were certain places where it was just an officer and employee and even back then court said a federal contractor falls within that definition and the reason it said is because the purpose of that statute is that it protects federal functions not federal employees and so I think what we have here is the statute does go on to to explain what you know to explain different classes of people that are designated but overall what I think that the indictment is saying and particularly when we're here under plain air and there has to be a an understanding that plainly there was a difference that the indictment should be read when it says officer and employee as designated in 1114 that should include all of the kinds of people who are designated in section 1114 1114 itself doesn't choose to use that comprehensive view of what officer and employee says it disjunctively speaks of an individual assisting how do you get there I mean please yeah the way I get there is because the the title of the statute is protection of officers and employees and who's gonna who's gonna go to jail over the title of the statute I mean how does that work yeah I also think we need to step back to what 18 USC 111 says which is a statute that he was convicted of and that statute doesn't say anything about officer employee person assisting what it says is a person designated in section 1114 and the text of 1114 makes a disjunctive difference between an officer and employee and a person assisting so Congress considered that not to be a coterminous of you of what an officer and employee is or it doesn't believe that that assisting was subsumed right I mean it chose to make a distinction there I don't believe that there's a distinction I don't believe there's a legal distinction I'm glad you think that but just do you think Congress did I don't believe that Congress thought that there is that distinction I understand the point that you're making I understand that the title is not dispositive but I think when we combine the title with what courts did before that language was added and then remember that we're under the plain error standard and there has to be to the district court a plain it has to be plain to the district court that there is a different in other words that the indictment does not say or the indictment does not mean person assisting all of that put together I don't think that we get over those first two prongs there the other thing I want to point out is that in cases where this court has found a constructive amendment it's began it's been it's been because of the likelihood that the jury convicted the defendant based on an entirely different act so the Miller case for example we were dealing with an entirely different uncharged false statement in the far case we were dealing with a different tax that was evaded and one that the court in the far case actually specifically said had been determined to be legally distinct from the tax that was charged in sterone it was interference with the shipment of a different product and so what Miller says Miller actually this is a quote from Miller the question is whether there's a possibility that the defendant was convicted on a different set of facts than those in the indictment here we don't have that the defendant was convicted based on the same set of facts the same set of facts that are in the indictment well the indictment on its face it's not the same set of facts because the defendant on the face of the indictment is speaking about an officer an employee and so I mean the fact that in substance he did the same thing I'm not that argument to me was not compelling what difference does it make I mean if the if the jury receives the law and the law says this is what you're supposed to do aren't we supposed to hold the jury to what the law is that they were supposed to apply I think that what we need for a constructive amendment is either a different set of facts which is what Miller said or a different legal offense and I don't think it's a different legal offense here because the offense of section 111 requires that the person that that the person be a person designated 1114 not what kind of person 1114 isn't a material element of the offense and I think it's very similar to for example one example that I think the court can will is you know sorry but that assumes that the crime was committed against someone that is encompassed within 1114 the problem seems to be akin to being charged with robbery of a bank and you actually robbed a 7-eleven well you you would be not guilty of robbery of a bank if you robbed something that was other than a bank now it may be that there was a it was a SNL that you know wasn't a bank that might come within the same criminal statute but the problem is is that the grant if if if we start with the premise that Miss Johnson is is starting with and that is that the charge has to be circumscribed to what is tailored through the grand jury then it really doesn't matter if a separate offense could have been charged in and convicted for someone that had could have otherwise fallen within the scope of 1114 I think the closest that I get an analogy on that point is the Genoa case which is this is essentially a a in some ways a jurisdictional element like in that case where the issue was whether the it had to be an insured an insured entity and the government in the indictment said it was a insured by the FDIC it turned out that it was insured by the Federal Savings and Loan Insurance Agency and the court said that that that did not create a constructive amendment I think that that's a close analogy here I would like to I would like to address the fourth prong of plain error because I do think that Gonzalo Cedesa is controlling I would like to address specifically the one point that the defendant keeps going back to which is this point that there was no question of sufficiency in Gonzalo Cedesa and I'd like to point the court footnote to of Gonzalo Cedesa where the court actually says it doesn't decide the issue but it questions whether there is it and the quote is basically we have doubts about the assertion that there's even sufficient evidence of the crime as charged and so I think what we have here is is that's not a way to distinguish Gonzalo Cedesa because in Gonzalo Cedesa although the sufficiency the evidence wasn't directly before the court that footnote to suggests that the defendant probably could not have been convicted of the defense of the offense as it was charged in the indictment and so we really have a very similar situation here and Gonzalo Cedesa in my view really is directly on point for the reasons that Judge Holmes was saying which is we have two alternatives in the statute and this assumes the defendants right all the way up to this point we I would quibble with with points leading up to here but if we get to this point there are two alternatives in the statute the indictment charges one the evidence and the instructions support a conviction on the other and then the court says the fourth prong is not satisfied because the evidence on that uncharged alternative is exactly what we have here before you conclude let me let me ask you in your brief on page 17 refer to this whole concept of the variance how does the variance doctrine even play into this case it the the way I read the case law is that the difference between a variance and a constructive amendment is almost one of degree I think that can variance is a difference in fact between what's in the indictment a constructive amendment and let me step back a constructive amendment means that the defendant is convicted of a different offense factually or legally than what's charged in the indictment a variance is something some difference between the indictment and conviction that falls short of that that's that's the way that I read those cases unless court has any other questions the government requests that the defense convictions be affirmed thank you thank you I know I have limited time I do just want to direct the court's attention to Miller's discussion of the third and fourth prongs together at 1237 the question on the third prong is if there's a reasonable probability that absent the error the result of the proceeding would have been different that's what we have here and then they go on to say as we noted in Gonzalo's Huerta where a constitutional error meets the third prong it ordinarily meets the fourth prong as well because we have a situation here where mr. Murray was convicted of a crime not charged by the grand jury we went on to say that we denied relief because of the fourth prong even though the third prong might have been might have been established isn't that right in Gonzalo's Huerta I apologize I don't have that but let me ask you because council referenced footnote 2 in Gonzalo's Hadiza how do you reconcile that with what you said earlier it sure seems to be saying that the the panel had doubt about whether there was sufficient evidence to convict on the crime charged by the grand jury I'll confess I hadn't noted that language before but it is six words as seven words in a clause in a footnote that appears to be dicta because what that sentence is really about is the government's misrepresentation of the factual record oh it's it's dicta but you emphasize I mean that's that was the whole point that was being made contrary to you that that was just that was relevant because there was because there was no question that there was sufficient evidence for the crime charged by the grand jury that seems to this seems to be inconsistent with that position I agree that the dicta is inconsistent but I think it's a passing statement if the court looks at Brown 400 f-3rd at 1254 the language there is emphasized over and over again to look at the evidence on the charged crime thank you thank you thank you counsel case submitted counselor excuse we're going to adjourn for five recess for five minutes so state